# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## (Case No. 14-16200)
Related to Case No. 13-17607

---

In Re: NETFLIX PRIVACY LITIGATION

JEFF MILANS, PETER COMSTOCK,
Individually and on behalf of all others similarly situated,

Plaintiffs/Appellees

GARY WILENS,

Objector/Appellant

v.

NETFLIX, Inc.,

Defendant/Appellee

---

## APPELLANT GARY WILENS' OPENING BRIEF

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA,
HONORABLE EDWARD J. DAVILA, PRESIDING
Case No. 5:11-cv-00379-EJD

**LAKESHORE LAW CENTER**
**JEFFREY WILENS (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**(714) 854-7205**
**(714) 854-7206 (fax)**

**Attorney for Appellant Gary Wilens**

# **TOPICAL INDEX**

TOPICAL INDEX                                                                                           I

TABLE OF AUTHORITIES                                                                          I

STATEMENT OF JURISDICTION                                                                1

STATEMENT OF ISSUES PRESENTED                                                        2

STATEMENT OF CASE                                                                             2

STATEMENT OF FACTS                                                                          3

STANDARD OF REVIEW                                                                          6

SUMMARY OF ARGUMENT                                                                      6

ARGUMENT                                                                                         6

I.      WHEN AN OBJECTOR FAILS TO POST AN APPEAL BOND,
        THE DISTRICT COURT DOES NOT HAVE DISCRETION
        TO COMPEL HIM TO DISMISS THE APPEAL UNDER
        THREAT OF FINANCIAL PENALTY HE CANNOT AFFORD
        TO PAY.                                                                                      6

CONCLUSION                                                                                       15

STATEMENT OF RELATED CASES                                                            16

# **TABLE OF AUTHORITIES**

## **CASES**

In re Magsafe Apple Power Adapter Litigation (9th Cir. 2014)
    2014 WL 1624493 .....................................................................11

Armstrong v. Brown (N.D. Cal. 2013) 939 F.Supp.2d 1012 ........9

Azizian v. Federated Dept. Stores, Inc. (9th Cir. 2007) 499 F.3d
    950 ..............................................................................12, 13

Donovan v. Mazzola (9th Cir. 1985) 761 F.2d 1411 .................... 15

Embry v. ACER America Corp. (N.D. Cal., Aug. 29, 2012, C 09-
    01808 JW) 2012 WL 3777163.................................................11

F.T.C. v. Affordable Media (9th Cir. 1999) 179 F.3d 1228 ...........6

In re Dual-Deck Video Cassette Recorder Antitrust Litigation
    (9th Cir. 1993) 10 F.3d 693 ....................................................10

In re Magsafe Apple Power Adapter Litigation (N.D. Cal., Aug.
    22, 2012, C 09-01911 JW) 2012 WL 3686783 ........................11

Sekaquaptewa v. MacDonald (9th Cir. 1976) 544 F.2d 396.......10
Stone v. City and County of San Francisco (9th Cir. 1992) 968
   F.2d 850..................................................................................10

**STATUTES**

18 USC § 2710 ...............................................................................7
28 U.S.C. § 1291 ..........................................................................1
28 U.S.C. § 1331 ..........................................................................1

Objector and Appellant, GARY WILENS, by and through his attorney, Jeffrey Wilens, hereby respectfully submits this Appellant's Opening Brief.

DATED:  August 15, 2014

Respectfully submitted,

By _/s/_Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Appellant

## <u>STATEMENT OF JURISDICTION</u>

The District Court had jurisdiction over the original action pursuant to 28 U.S.C. § 1331, federal question.  This court has jurisdiction pursuant to 28 U.S.C. § 1291 after entry of the final judgment following approval of a class action settlement. (Excerpts of Record[1] pp. 3-6.)   After a post-judgment order finding Appellant in contempt for failing to post an appeal bond was issued, this Notice of Appeal was deemed filed on May 31,

---

[1]Hereinafter ER.  There are three Excerpts of Record.  The first part is comprised of pages 1-160 and were submitted in the appeal of the underlying judgment.  The second part is from the appeal of the post-judgment order imposing a bond and is comprised of pages 161-233. The third part is for the instant appeal of the order finding Objector Wilens in contempt and is pages 234-305.

2014.  (ER p. 235.)  The appeal is timely pursuant to Federal

Rules of Appellate Practice, Rule 4 (a) (2).

## STATEMENT OF ISSUES PRESENTED

I. DID THE DISTRICT COURT ERROR IN FINDING OBJECTOR WILENS IN CONTEMPT AND IMPOSING A DAILY FINE IF THE ORIGINAL APPEAL IS NOT DISMISSED OR AN APPEAL BOND POSTED.

## STATEMENT OF CASE

There is already a pending appeal (Case No. 13-15723) of

the order granting final approval to a class action settlement

and entering a judgment releasing the class members' legal

claims.  Appellant Gary Wilens objected to the settlement but

his arguments were largely ignored by the district court.

Objector Wilens filed a timely appeal of the judgment. (ER, pp.

1-3.) Subsequently, the district court issued an order that

Appellant pay a bond that included $175 in taxable costs (which

he offered to pay) and $21,344 in "administrative costs."

Appellant timely appealed from the order.  (ER, pp. 161-164.)

Subsequently, Plaintiffs filed a motion for Wilens to be

held in contempt because he did not pay the full bond amount

or dismiss the original appeal.  (ER, pp. 254-261.)  Wilens filed

Opposition papers (ER, pp. 262-276) and Plaintiffs filed reply

papers.  (ER, pp. 277-292.)  On June 24, 2014, the district court found Wilens in contempt and ordered him to either pay the appeal bond or dismiss the original appeal within 15 days or suffer a $100 daily fine until one of the two actions was taken.  (ER, pp. 252-253.)  Objector Wilens filed an emergency motion for a stay in the Ninth Circuit, which stayed the contempt order and deemed the emergency motion to be a notice of appeal.  (ER, pp. 234-236.)

## STATEMENT OF FACTS

The lawsuit was filed January 26, 2011.  (ER, p. 141.)  Most of the early entries have to do with pro hac vice applications and requests to relate the lawsuit with other ones.  (ER, pp. 142-143.)  Next, a nasty battle was fought over who would serve as lead counsel, with the Edelson firm prevailing.  (ER, pp. 144-145.)  The Amended Consolidated Complaint was filed on September 12, 2011.  (ER, p. 124.)  A single mediation session was held on February 2, 2012 and a settlement was reached.  (ER, p. 89.)  By February 10, 2012, Netflix had filed a Notice of Settlement and the Motion for Preliminary Approval was filed on May 25, 2012.  (ER, p. 147.)  The actual settlement

agreement is dated end of April and early May 2012.  (ER, pp. 120-123.)

Other than procedural motions relating to consolidation of cases and appointment of lead counsel, and the class settlement motion, there was no motion work in this case.  As explained in the briefing in Appeal Case No. 13-15723, there were also no depositions and very limited written discovery.

The Settlement approved by the Court created a $9 million fund, but $2.25 million was paid to Class Counsel for legal fees, additional sums were paid for costs and administration of the settlement, substantial incentive awards were paid to named plaintiffs, and the balance was donated to various Cy Pres organizations.  Nothing was paid to the unnamed class members including the Objectors.  Netflix also promised to make certain prospective business practice changes in the future.  (ER, pp. 8-10, 22-24, 101-106.)

After Wilens and others appealed, Class Counsel asked the district court to impose a severe bonding requirement in order to force the objectors to abandon the appeal.  Although Class Counsel could only document $175 in taxable costs, they

persuaded the district court to order Wilens (individually) to pay $21,519 by way of an appeal bond or dismiss the appeal. They did this by claiming an additional $21,344 in "administrative costs." (ER, 165-172.) By the date of that order (November 25, 2013), Wilens had already field the reply brief so the appeal was fully briefed in Case No. 13-15723. (Doc. 58 in case 13-15723)

These "administrative costs" were based on the supposed cost to maintain and administer the class website (approximately $250 monthly) and toll free phone number (approximately $500 monthly), answer questions from class members (approximately $300 monthly), storage costs (approximately $10 monthly), and manage and file taxes for the escrow account (approximately $2,000 per year). (ER, pp. 224-225.)

After Plaintiff filed the motion for entry of a contempt order, Wilens presented evidence that he could not afford to post a $21,519 bond (or anything like that) and could not afford to pay daily fines of $100 for noncompliance. He also noted that he had offered to post the $175 that was the legitimate

estimation of appellate costs.  (ER, pp. 265-266, 272-273.)

## STANDARD OF REVIEW

An order finding a party in contempt is ordinarily reviewed for an abuse of discretion and underlying factual findings for clear error.  (F.T.C. v. Affordable Media (9th Cir. 1999) 179 F.3d 1228, 1239.)

## SUMMARY OF ARGUMENT

The order finding Objector Wilens in contempt and imposing a daily fine must be reversed because there was undisputed evidence the Objector could not afford to post the appeal bond or pay the daily fine.  Moreover, if a district court could order an Objector to dismiss his appeal under penalty of financial sanction then appellate review of class certification orders could become unavailable to virtually all class members.

## ARGUMENT

**I. WHEN AN OBJECTOR FAILS TO POST AN APPEAL BOND, THE DISTRICT COURT DOES NOT HAVE DISCRETION TO COMPEL HIM TO DISMISS THE APPEAL UNDER THREAT OF FINANCIAL PENALTY HE CANNOT AFFORD TO PAY.**

After the district court granted final approval to a class action settlement, Objector Wilens appealed the resulting

judgment.  That appeal is no. 13-15723.  Objector Wilens raises persuasive arguments that the settlement was unfair to class members.  In a nutshell, the settlement required class members to release a claim for a violation of the Video Privacy Protection Act (VPPA), 18 USC § 2710 (b) that carried minimum statutory damages of $2,500 per violation.   Yet, the settlement paid $2.25 million to Class Counsel (who conducted no formal discovery, and prosecuted no motions except motions to be designated lead counsel and to approve the settlement) and the balance of $9 million to various cy pres organizations.   No money was to be paid to any class members in exchange for their release of the $2,500 claim.  That appeal was fully briefed as of November 5, 2013.  The Excerpts of Record in appeal no. 13-15723 contain the papers related to the settlement including Wilens' opposition, which is summarized in this paragraph.

Meanwhile, on November 25, 2013, after full briefing, the district court granted a motion requiring Objector Wilens to either post a $21,519 appeal bond or dismiss appeal no. 13-15723.  Thereafter, Wilens filed a timely appeal of that order.  That related appeal is no. 13-17607 and both Opening Briefs

have been filed in that appeal. Objector's reply brief will be filed in the next two weeks. The Excerpts of Record in appeal no. 13-17607 contain the papers related to the motion for an appeal bond including Wilens' opposition.

At all times, Wilens has been willing to post the taxable appellate costs, which Plaintiffs admitted was $175, but was unable to post the remaining $21,344 in "administrative delay" costs. (ER, pp. 272-273.)

As discussed in greater detail in the AOB in appeal no. 13-17607, $21,344 is the cost to maintain a website during the duration of the appeal. Objector has made persuasive arguments in that brief that there is no authority to treat website maintenance costs as expense that can be included in an appeal bond. Moreover, there is no need to maintain the website due to the nature of the settlement. The settlement pays $2.25 million to Plaintiffs' counsel and the rest to various charities. There is no payment to the class members and no point in maintaining a website to keep letting them know there is no payment to them.

Not satisfied that the appeals continue to be prosecuted,

Plaintiffs filed a motion to find Objector in contempt because he was unable to post the $21,519 bond and refused to dismiss the appeals. The contempt motion was fully briefed. Objector presented evidence that he was and still is financially unable to post the required bond and argued there was no authority to hold an Objector appealing a class action settlement in contempt or to impose a daily fine unless he abandons his appeal. The district court order never even mentioned the financial hardship element, nor does it cite any case law where a class action objector can be held in contempt and subject to daily fines unless he dismisses the appeal or posts an appellate bond. (ER, pp. 252-253.)

The district court cited a few cases in support of its order but none of them come close to justifying a contempt order against a class action objector who fails to post an appellate bond. For example, <u>Armstrong</u> v. <u>Brown</u> (N.D. Cal. 2013) 939 F.Supp.2d 1012, 1018, involved a civil rights action by prison inmates against the State of California for failure to provide them certain accommodations required by the ADA. Similarly, <u>Stone</u> v. <u>City</u> <u>and</u> <u>County</u> <u>of</u> <u>San</u> <u>Francisco</u> (9th Cir. 1992) 968

F.2d 850, 852-853 involved alleged contempt of an order to reduce jail inmate overcrowding. The Sekaquaptewa v. MacDonald (9th Cir. 1976) 544 F.2d 396, 398-99 case involved enforcement of a contempt order concerning grazing rights in a dispute between two Indian tribes. Finally, the In re Dual-Deck Video Cassette Recorder Antitrust Litigation (9th Cir. 1993) 10 F.3d 693, 695-696, case involved alleged violation of a protective order concerning use of discovery.

None of these cases involved the failure to post an appellate bond, and certainly not in the context of a class action settlement, or considered how that failure might impact a pending appeal. This is not a situation where a defendant has lost at trial, been found liable for damages, and is being required to post a bond to protect the ability of the plaintiff to recover the damages that were awarded.

Appellant's counsel has been unable to locate any case where a class action objector was held in contempt for failure to post an appeal bond and ordered to pay a daily fine if he did not dismiss the appeal. The district court obviously did not locate any cases either.

The only judge to have done something remotely similar appears to be former Judge Ware of the Northern District.  (In re Magsafe Apple Power Adapter Litigation (N.D. Cal., Aug. 22, 2012, C 09-01911 JW) 2012 WL 3686783; Embry v. ACER America Corp. (N.D. Cal., Aug. 29, 2012, C 09-01808 JW) 2012 WL 3777163.)  In both cases, Judge Ware, found the objectors in contempt because they did not post the required bonds and ordered that their previous objections to the class settlements be "stricken."

However, Judge Ware was reversed by this Court on April 24, 2014 in an unpublished decision.  This Court ruled that bond required was excessive because the "expenses" were not the type of cost that could be shifted to the other party.  (In re Magsafe Apple Power Adapter Litigation (9th Cir. 2014) 2014 WL 1624493, *1.)  The Court also held that the district court could not "strike" the appeal because it could not "remove the basis for Gaudet's appeal as a sanction for his failure to post the bond."  (Id. at p. *2.)  The same reasoning applies here.  The district court cannot use its contempt power and impose a daily fine to coerce Objector Wilens to remove the basis for his

appeal (i.e., dismiss his appeal) as a sanction for failure to post a bond.

Thus, as stated previously, this contempt order is unprecedented and if allowed to stand would allow district courts to insulate their rulings from any appellate review.  All a district court would need to do is impose a massive appeal bond (and $20,000 is massive for any average American consumer and thus the type of person who might be appealing a consumer class action settlement) and then find the Objector in contempt if he is unable to post the bond yet continues to try to prosecute the appeal.  Threats of a daily fine should serve to coerce the abandonment of the appeal.

Normally, when an appeal bond is not paid, the Objector's recourse in that situation would be to appeal the excessive bond requirement and the other party's recourse would be to move for dismissal in the appellate court.  That approach, which is what occurred in <u>Azizian</u> v. <u>Federated</u> <u>Dept</u>. <u>Stores</u>, <u>Inc</u>. (9th Cir. 2007) 499 F.3d 950, 955, preserves this Court's jurisdiction over filed appeals.  In that case, the district court rejected an class action objector's arguments and granted final approval.

The objector appealed.  Class counsel obtained an order that the objector post a $42,000 bond.  The objector offered to post the actual taxable costs but did not post the remaining $40,000.  The objector appealed both the final approval order and the bond order.  The plaintiff moved to dismiss the appeal for failure to post a bond.  (Id. at p. 954.)  As this Court held there:

> Finally, we address Plaintiffs–Appellees' motion to dismiss Wilkinson's merits appeal for failure to post the Rule 7 bond. **Where an appellant has failed to pay an appeal bond, it is within our sound discretion to dismiss the appeal**. Hagan v. Whitman, 356 F.2d 742, 745 (9th Cir.1966) (per curiam). Federal Rule of Appellate Procedure 3(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." **Thus, an appellant is not required to post a Rule 7 bond to perfect its appeal**.
> (Id. at p. 961 (emphasis added).)

If an appellant is not required to post a bond in order to perfect the appeal and if the appellate court has discretion to dismiss the appeal (or not), then **how can the district court undermine that discretion by coercing the class action**

13

**Objector to dismiss the appeal unless he posts a bond under threat of a $100 per day fine**?  Significantly, despite the fact Objector never posted the appeal bond, and continues to prosecute the appeals, neither Plaintiffs nor Defendant ever moved in this Court to dismiss the appeal.

Instead, they went to the district court for relief, apparently with calculation in mind that a contempt order would coerce the abandonment of the appeal in a way that would not be subject to appellate review.

What the district court is trying to do here, in finding Objector in contempt, cannot be condoned or it would short-circuit the appellate process and undermine this Court's jurisdiction.  Facing a contempt order, and being financially unable to post the bond, any objector would have to either abandon appeal <u>before this Court can even rule on the legality of the bond</u>, or face unbearable penalties of $100 per day.

Appellate review of class action settlements is vital to maintaining the integrity of the process.  There would be little point in objecting to settlements if the average consumer who dared to do so would be subject to later being intimidated into

abandoning the appeal under duress of financial penalties.

Finally, even if the district court's order was not illegal, it was still an abuse of discretion. Contempt for failure to pay a large fine cannot be found where inability to pay is demonstrated by undisputed evidence. (See, e.g., <u>Donovan</u> v. <u>Mazzola</u> (9th Cir. 1985) 761 F.2d 1411, 1418.) Plaintiffs' only response in the district court to the undisputed evidence of "inability to pay" was to say the alternative was to dismiss the appeal. But as demonstrated previously, an objector cannot be coerced to dismiss a validly filed appeal just because he does not post an appeal bond.

## **<u>CONCLUSION</u>**

For the foregoing reasons, this Court should reverse the district court's order finding Objector Wilens in contempt and imposing a daily fine unless he posts the appeal bond or dismisses the original appeal.

DATED: August 15, 2014

Respectfully submitted,

By _/s/_ Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Appellant

## **STATEMENT OF RELATED CASES**

The following consolidated appeals have been filed by objectors from the class action settlement and attorneys' fee award: Nos. 13-15723, 13-15733, 13-15734, 13-15751, 13-15754, and 13-15759 and from the appeal bond order:  Nos. 13-17608, 13-17606, and 13-17611.

## **CERTIFICATE OF COMPLIANCE**

I, Jeffrey Wilens, do hereby certify the following:

Pursuant to the Federal Rules of Appellate Procedure Rule 32 (a) (7) (C) and Ninth Circuit Rule 32-1, the attached opening brief was prepared with Microsoft Word 2007, is proportionately spaced, has a typeface of 14 points or more and contains 2,781 words (not exceeding 14,000) excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 15th day of August 2014 at Yorba Linda, California.

_/s/_Jeffrey Wilens_____

Jeffrey Wilens

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 15, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

_____/s/_Jeffrey Wilens_____

Jeffrey Wilens